IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-CV-00185-REB-MJW

JACK WELLER et al., individually and
on behalf of all others similarly situated,

        Plaintiffs,

v.

HSBC MORTGAGE SERVICES, INC. et al.,

        Defendants.

## CONFIDENTIALITY ORDER (Docket No. 83-1)

This Court hereby grants the Joint Motion for Entry of (Proposed) Confidentiality Order, and enters the following order (this "Order") concerning the confidentiality of information in this action.

## I. CONFIDENTIAL OR HIGHLY CONFIDENTIAL INFORMATION AND ITS USE

1. *"Confidential Information."* "Confidential Information" includes any document, testimony, response to discovery request, transcription of a deposition, or other information, that is designated as "Confidential" by either Plaintiff or Defendant (collectively the "Parties" and individually a "Party") pursuant to this Order. A Party may designate as "Confidential" any nonpublic information produced in this litigation which constitutes or contains proprietary or commercially sensitive business or financial information, trade secrets, personal information, or information that otherwise meets the standards for protection set forth in Rule 26(c) of the Federal Rules of Civil Procedure

1

(the "Rules"). This Order is applicable to the Parties and, as defined hereafter: other law firm attorneys, law firm personnel, outside consultants/experts, service bureaus, and other qualified persons.

2. *"Highly Confidential Information."* "Highly Confidential Information" is extremely sensitive Confidential Information whose disclosure to another party or non-party would create a substantial risk of injury, including without limitation economic or competitive injury, that could not be avoided by less restrictive means.

3. *Restrictions on Use of Confidential or Highly Confidential Information.* All Confidential or Highly Confidential Information shall be used solely for the purpose of this litigation and for no other purpose whatsoever and shall not be disclosed to any person or entity except in accordance with the terms of this Order. Notwithstanding the foregoing, a Party is not restricted in the use of its own Confidential or Highly Confidential Information that it produces.

## II. RESTRICTIONS ON ACCESS TO CONFIDENTIAL OR HIGHLY CONFIDENTIAL INFORMATION

4. *Access to information designated "Confidential."* Access to information that is designated "Confidential" shall be limited to: (a) the Parties or employees of each of the Parties required in good faith to provide assistance in the conduct of this action; (b) counsel of record for any Party, other law firm attorneys and law firm personnel; (c) service bureaus; (d) outside consultants/experts; (e) persons shown on the face of a document to have authored or received it; (f) other qualified persons; and (g) the Court and its employees.

5. *Access to information designated "Highly Confidential."* Access to information that is designated "Highly Confidential" shall be limited to: (a) counsel of record for any Party, other law firm attorneys and law firm personnel; (b) service bureaus; (c) outside consultants/experts; (d) persons shown on the face of a document to have authored or received it; (e) other qualified persons; (f) named Plaintiffs in the above captioned action and (g) the Court and its employees.

6. *Definitions.* Certain terms referenced above are defined as follows:

(i) *"Other law firm attorneys"* means attorneys who are members or employees of the law firms of the outside attorneys of record for any party, but who are not themselves counsel of record. This term will also include any in-house counsel for any of the Parties and contract attorneys hired by an outside counsel law firm or a party.

(ii) *"Law firm personnel"* means regular full-time or part-time employees of the law firms of the outside attorneys of record for any Party to whom it is necessary that the Confidential Information in question be disclosed for purposes of this litigation.

(iii) *"Outside consultant/expert"* means any person, not employed by the receiving Party, who is retained by that Party or its attorneys of record in this matter, for the purposes of assisting in preparation of this litigation for trial or for testifying at trial, such as an accountant, statistician or economist, *provided the person has executed the written assurance attached hereto as **Exhibit A**.* The Party engaging such outside consultants/experts shall retain such written agreements until at least sixty (60) days after termination of this litigation, but need not provide them to the opposing Party absent a Court order entered upon a showing of good cause.

3

(iv) *"Service bureau"* means a company or person that is engaged by counsel of record to perform court reporting or clerical-type services in connection with this litigation, e.g., court reporting, photocopying, imaging, computer data entry, and the like.

(v) *"Other qualified persons"* means any other person: (i) who is a witness shown Confidential Information during or in preparation for his or her deposition in this case, *provided any person granted access to information designated "Confidential" in preparation for his or her deposition has executed the written assurance attached hereto as* **Exhibit A,** or (ii) who is so designated (1) by order of the Court after notice, and an opportunity to be heard, to all Parties, or (2) by written agreement of the producing Party.

7. *Confidential or Highly Confidential Information of non-parties.* In the event that a Party seeks discovery from a non-party to this action, the non-party may designate its responsive information "Confidential" or "Highly Confidential" so that such information is subject to the terms of this Order and that producing non-party shall then be a producing Party under this Order.

8. *Disclosure to certain persons associated with producing party.* Nothing in this Order shall preclude any Party from showing a document designated as Confidential Information to an individual currently employed by the documents' producing Party. Nor shall anything in this Order preclude a producing Party from using, in its business as it wishes, any documents it produces itself in this action.

9. *No waiver of rights.* Nothing contained in this Order shall be construed as a waiver by any producing Party of its right to object to the subject matter or scope of any

request for production of documents in this matter. This Order shall be without prejudice to the right of a producing Party to request additional confidentiality protection from the Court.

## III. DESIGNATION AND LABELING OF CONFIDENTIAL OR HIGHLY CONFIDENTIAL INFORMATION

10. *Labeling.* Information being designated as protected that is in documentary or other tangible form shall be bates labeled or stamped as "Confidential" or "Highly Confidential." Information being designated as protected that is not in documentary or other tangible form, or that cannot conveniently be labeled, shall be designated and/or categorized by the designating Party in a writing provided to the receiving Party at the time of production.

11. *Preliminary designation of documents being inspected.* If a Party elects to produce documents and things for inspection, it need not label the documents and things in advance of the initial inspection. For purposes of the initial inspection, all documents within the produced files will be considered as having been marked "Confidential." Thereafter, on selection of specified documents for copying by the inspecting Party, the producing Party shall mark the original documents and/or the copies of such documents with the appropriate confidentiality marking at the time the copies are produced to the inspecting Party.

12. For Confidential or Highly Confidential Information produced by a non-party or a Party other than the designating Party, a Party seeking a "Confidential" or "Highly Confidential" designation pursuant to the terms of this Order may do so by serving on all

Parties a log containing the Bates numbers or other description of the documents or information that it claims as "Confidential" or "Highly Confidential" within 30 days of receiving copies of the documents or information. Should any Party object to this designation, such Party shall proceed in accordance with paragraph 13 of this Order.

13. *Requests for declassifying Confidential or Highly Confidential Information.* At any time that a Party believes that a document or information which has been classified as "Confidential" or "Highly Confidential" should be declassified from its indicated status, counsel for the Party desiring declassification shall notify the designating Party's counsel in writing of its request for declassification. Such request shall particularly identify the "Confidential" or "Highly Confidential" Information that the Party requesting declassification contends is not confidential and the reasons supporting its contentions. If the Parties cannot resolve the issue of declassification within ten (10) business days after such identification, then it shall be the obligation of the Party requesting declassification to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Order. The burden to demonstrate that the information identified as "Confidential" or "Highly Confidential" is subject to the confidentiality protections contained herein shall be governed by applicable law in this District and Circuit. If such a motion is filed, the disputed information shall still be treated as "Confidential" or Highly Confidential" until the Court rules on the motion. If no motion is made, the information shall continue to be treated as "Confidential" or "Highly Confidential."

14. *Designation of and procedure for any deposition testimony.* The following procedures shall be followed if Confidential or Highly Confidential Information is discussed or disclosed in any deposition permitted in this proceeding.

(i) The designating Party shall have the right to exclude from attendance at the deposition, during such time the designating Party reasonably believes Confidential or Highly Confidential Information will be discussed or disclosed, any person other than the deponent, the court reporter, and persons entitled to access to the Confidential or Highly Confidential Information.

(ii) At any time on the record during a deposition a Party may designate any portion of the deposition and transcript thereof to be "Confidential" or "Highly Confidential." If such a request is made on the recording during the deposition, the reporter shall later indicate on the cover page of the transcript that the transcript contains "Confidential" or "Highly Confidential" information and list the pages and line numbers of the transcript in which Confidential or Highly Confidential Information is contained. No Party may designate an entire transcript Confidential.

(iii) Alternatively, such a designation of deposition confidentiality may be made in writing within thirty (30) days after counsel receives a copy of the transcript of the deposition. The designation shall contain a list of the numbers of the pages and lines of the transcript that are being designated as containing Confidential or Highly Confidential Information. Such designation shall be provided in writing to all counsel of record. All counsel of record shall treat all deposition transcripts as "Confidential" for the first thirty (30) days after receipt of such deposition transcripts.

## IV. MISCELLANEOUS

15. *Treatment of Confidential or Highly Confidential Information at trial or in court filings.* In the event that a Party or nonparty bound by this Order intends to disclose, discuss or otherwise refer to any Confidential or Highly Confidential Information in open court at any hearing or trial of this action, such Party shall inform the Court, the designating Party and all other Parties to this action of its intention to do so and identify the Confidential or Highly Confidential Information it intends to disclose. The designating Party shall then have the opportunity to move orally, or as the Court otherwise directs. The Court may enter orders as it deems appropriate to protect the confidentiality of any Confidential or Highly Confidential Information discussed, or to be discussed, at hearings and trial. A Party shall file any Confidential or Highly Confidential Information with the Court as restricted pursuant to D. Colo. L. Civ. R. 7.2(d). If a document or information has been declassified as "Confidential" or "Highly Confidential" pursuant to the terms of Paragraph 13 above, the document need not be filed as restricted. The parties shall comply with the requirements of D. Colo. L. Civ. R. 7.2 regarding Confidential or Highly Confidential information filed with the Court.

16. *Return and destruction of documents.* Within sixty (60) days of final termination of this matter including any appeals or right to appeal, the attorneys of record for each receiving Party shall either destroy or return to each producing Party or its attorney of record all Confidential or Highly Confidential Information (and any copies thereof) that have been furnished to it by the producing Party, with the following exceptions. If such Confidential or Highly Confidential Information received by the

receiving Party is destroyed in lieu of being returned to the producing Party, appropriate certification of destruction shall be furnished by the receiving Party.  Notwithstanding the foregoing, the Parties agree that each Party shall be entitled to retain for their files a complete set of pleadings (including exhibits) filed in and depositions (with exhibits) taken in the case, irrespective of whether they contain Confidential or Highly Confidential Information.

17. *Subpoena by other courts, agencies or persons.*  If another court, agency or person subpoenas or orders production of Confidential or Highly Confidential Information that a Party has obtained under the terms of this Order, such Party shall immediately notify the designating Party upon learning of such subpoena or order, in writing, and shall not produce the Confidential or Highly Confidential Information if the designating Party timely applies for a protective order for such Confidential or Highly Confidential Information or otherwise takes timely, appropriate steps to protect the materials.  To give the designating Party an opportunity to obtain relief from the subpoena or order, the Party from whom the information is sought shall not make the disclosure before the actual due date of compliance set forth in the subpoena or court order.  Nothing in this Order requires or is meant to permit a Party to disobey a lawful directive from a court.

18. *Inadvertent production of Confidential or Highly Confidential Information.*  If a party inadvertently fails to designate information as "Confidential" or "Highly Confidential" in accordance with this Order prior to or at the time of disclosure, it may notify the Parties that it intends to designate such material as "Confidential" or "Highly

Confidential" prior to trial.  In the event that the designating Party designates information as "Confidential" or "Highly Confidential" after disclosure but before trial, the Parties receiving such material shall ensure that all inadvertently disclosed information is subsequently treated as "Confidential" or "Highly Confidential" pursuant to the terms of this Order.

19.  *Inadvertent production of privileged material.*  Consistent with Federal Rule of Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502(b), if a party inadvertently produces or provides information subject to the attorney-client privilege, attorney work product doctrine, or other applicable privilege or immunity, the disclosure of the inadvertently disclosed information is not and will not be construed or deemed to be a general or specific waiver or forfeiture of any such privilege, immunity or work product protection that the producing Party would otherwise be entitled to assert with respect to the inadvertently disclosed information and its subject matter.  Where the producing Party informs the receiving Party that privileged or other protected information has been disclosed, the receiving Party or Parties (i) must promptly return or destroy the specified information and any copies thereof, (ii) must not use or disclose the information until the claim of privilege or other protection is resolved, (iii) must take reasonable steps to retrieve any such information that was disclosed or distributed before the receiving Party was notified of the claim of privilege or other protection and prevent any further dissemination of the information.  Notwithstanding the above, in lieu of promptly returning or destroying the specified document or information, the receiving Party may promptly present the document or information to the Court under seal for a

determination of the claim of privilege or other protection while still complying otherwise with paragraphs (ii) and (iii). The producing Party also must preserve the information until the claim is resolved.

20. *Non-termination.* The provisions of this Order shall not terminate at the conclusion of these actions, but shall remain applicable as to any Confidential or Highly Confidential Information covered by the terms of this Order, except such material which shall be destroyed pursuant to the provisions above.

**IT IS SO ORDERED.**

DATED: September 12, 2013

BY THE COURT:

_____
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

**EXHIBIT A**

**WRITTEN ASSURANCE**

_____ declares that:

I have read and I understand the terms of the Protective Order dated _____, filed in Weller et al. v. HSBC Mortgage Services Inc. et al., Case No. 13-CV-00185-REB-MJW, pending in the United States District Court for the District of Colorado. I agree to comply with and be bound by the provisions of the Confidentiality Order entered on _____, 2013. I understand that any violation of the Confidentiality Order may subject me to sanctions by the Court.

I shall not divulge any documents, or copies of documents, designated "Confidential" or "Highly Confidential" obtained pursuant to such Confidentiality Order, or the contents of such documents, to any person other than those specifically authorized by the Confidentiality Order. I shall not copy or use such documents except for the purposes of this action and pursuant to the terms of the Confidentiality Order.

As soon as practical, but no later than 30 days after final termination of this action, I shall return to the attorney from whom I have received them, any documents in my possession designated "Confidential" or "Highly Confidential" and all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such documents.

I submit myself to the jurisdiction of the United States District Court for the District of Colorado for the purpose of enforcing or otherwise providing relief relating to the Confidentiality Order.

Executed on:_____       _____
            (Date)                 (Signature)