**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**
**Judge Robert E. Blackburn**

Civil Action No. 13-cv-00185-REB-MJW

JACK WELLER,
GLADYS WOODEN, and
MATT WOODEN, individually and on behalf of all otherssimilarly situated,

    Plaintiffs,
v.

HSBC MORTGAGE SERVICES, INC.,
ASSURANT, INC.,
AMERICAN SECURITY INSURANCE COMPANY, and
JOHN DOES 1-10,

    Defendants.

**ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT, CERTIFYING CLASS FOR SETTLEMENT
PURPOSES, DIRECTING THE ISSUANCE OF CLASS NOTICE,
AND SCHEDULING FINAL APPROVAL HEARING**

**Blackburn, J.**

The matter before the court is **Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement, Preliminary Certifying a Class for Settlement Purposes, Approving Form and Manner of Class Notice, and Setting Date for Hearing on Final Approval and Memorandum in Support Thereof** [#153],[1] filed April 10, 2015. Having reviewed the motion and the exhibits thereto (including the parties' Settlement Agreement (the "Settlement" or the "Agreement"), and thus having been fully advised in the premises, I find and conclude that the motion should be granted

    **THEREFORE, IT IS ORDERED** as follows:

---

[1] "[#153]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing and system (CM/ECF). I use this convention throughout this order.

1.  The ***Weller*** Plaintiffs[2] and Defendants have negotiated a potential settlement of this Action to avoid the expense, uncertainties and burden of protracted litigation. T he court has carefully reviewed the Agreement, including the Exhibits, as well as the files, records, and proceedings to date in the ***Weller*** Action.  The terms and conditions in the Agreement are incorporated herein as though fully set forth in this Order.

2.  The Agreement entered into by and among plaintiffs Gladys Wooden and Matt Wooden, on behalf of themselves and the Settlement Class, and HSBC Bank USA, N.A., HSBC Mortgage Corporation (USA), Inc., HSBC Finance Corporation, Beneficial Company LLC, Beneficial Financial I Inc., HFC Company LLC, HSBC Consumer Lending (USA) Inc., HSBC Mortgage Services Inc. (collectively, the "HSBC Defendants" or "HSBC"), and Assurant, Inc., American Security Insurance Company, Standard Guaranty Insurance Company and Voyager Indemnity Insurance Company (the "Assurant Defendants" or "Assurant" and, together with the HSBC Defendants, "Defendants"), has been negotiated at arm's length with the assistance of an experienced and well-respected mediator.  The settlement is preliminarily approved as fair, reasonable, adequate, and within the range of possible approval;

3.  The Settlement Class shall consist of all borrowers in the United States who, during the period January 1, 2007 through the date of this Order [hereinafter the "Preliminary Approval Date"], were charged by the HSBC Defendants and/or their respective subsidiaries and affiliates and/or persons acting for or on their behalf, as insureds or additional insureds for a lender-placed flood insurance policy.  The following are excluded from the Settlement Class: (a) individuals who are or were during the Class Period officers or directors of the Defendants or any of their respective subsidiaries or

---

[2] Unless otherwise defined, capitalized terms in this Order have the definitions set forth in the Agreement.

affiliates; (b) any justice, judge, or magistrate judge of the United States or any State; and (c) borrowers whose LPFI Policy was cancelled in its entirety such that any premiums charged and/or collected were fully refunded or credited to the borrower or the borrower's escrow account.

     For settlement purposes only, the court makes the following determinations as to certification of the Settlement Class:

          (a) The court preliminarily certifies the Settlement Class for purposes of settlement only, under Fed. R. Civ. P. 23(a) and (b)(3);

          (b) The Settlement Class is so numerous that joinder of all members is impracticable;

          (c) There are questions of law or fact common to the members of the Settlement Class;

          (d) The claims of the *Weller* Plaintiffs are typical of the claims of the other members of the Settlement Class;

          (e) The *Weller* Plaintiffs are capable of fairly and adequately protecting the interests of the members of the Settlement Class, in connection with the Agreement;

          (f) Common questions of law and fact predominate over questions affecting only individual members of the Settlement Class;

          (g) The Settlement Class is ascertainable; and

          (h) Resolution of the claims in this Action by way of a nationwide settlement is superior to other available methods for the fair and efficient resolution of the claims of the Settlement Class;

     4. Plaintiffs Gladys Wooden and Matt Wooden, James and Kimberly Hoover, and David Mincel are designated as representatives of the Settlement Class for the sole purpose of the Settlement;

5. The law firms of Kessler Topaz Meltzer & Check, LLP and Berger & Montague, P.C. are hereby designated as Class Counsel for the Settlement Class;

6. Defendants and Class Counsel shall jointly select, and Class Counsel shall retain, a third party to serve as the Settlement Administrator. The Settlement Administrator shall: (a) mail the Mail Notice; (b) establish the IVR phone line system; (c) establish the Settlement Website; (d) arrange for publication of the Publication Notice; and (e) carry out such other responsibilities as are provided for in the Agreement or may be agreed to by the Parties. The costs of Notice and settlement administration shall be paid as described in Section 5 of the Agreement;

7. (a) The court finds that the Class Notice program set forth in the Agreement, as modified by this Order, is the best practicable notice under the circumstances and is reasonably calculated, under all the circumstances, to apprise the Settlement Class of the pendency of the *Weller* Action, the terms of the Agreement and their right to object to the Settlement or exclude themselves from the Settlement Class. The court further finds that the Publication Notice, Mailed Notice, the Settlement Website and the other forms of Class Notice in the Agreement are reasonable, constitute due, adequate, and sufficient notice to all persons entitled to receive notice, and meet the requirements of due process;

(b) The Settlement Administrator shall cause the Publication Notice to be published, not to exceed one-eighth (1/8) of a page in size, in a national weekday (i.e., Monday-Thursday) edition of *USA Today* within seven (7) days after it commences sending the Mailed Notice. The Publication Notice shall be in the form of Exhibit 1 to the Settlement Agreement;

(c) The Mailed Notice shall be mailed not later than **sixty (60) days** following the Preliminary Approval Date. The Mailed Notice shall be sent in the form of Exhibit 2 to the Settlement Agreement;

(d)  No later than the date the Settlement Administrator commences sending the Mailed Notice, the Settlement Administrator shall establish the Settlement Website which shall contain copies of the Agreement and Exhibits, as well as the Mailed Notice (without reference to Settlement Class member-specific information).  The Settlement Website shall have a Uniform Resource Locator ("URL") which identifies the Settlement Website by such other URL as Class Counsel and counsel for Defendants may subsequently agree on in writing.  The Settlement Website shall remain accessible through the Effective Date;

(e)  The Settlement Administrator shall establish a toll-free interactive voice response ("IVR") phone number with script recordings of information about the Settlement, utilizing the relevant portions of the language contained in the Mailed Notice.  The phone number shall remain open and accessible through the Opt-Out Deadline.  The Settlement Administrator shall make reasonable provision for Class Counsel to be promptly advised of recorded messages left on the phone number by Settlement Class members concerning this Settlement, so that Class Counsel may timely and accurately respond to such inquiries;

(f)  No later than **ten (10) days** prior to the Final Approval Hearing, Class Counsel shall obtain from the Settlement Administrator and shall file with the court proof of mailing of the Mailed Notice, establishing the Settlement Website and publishing the Publication Notice;

8.  A hearing regarding final approval of the Settlement will be held at **9:00 a.m.** on **Friday, October 16, 2015** in Courtroom A1001, Alfred A Arraj Federal Courthouse, before the Honorable Robert E. Blackburn, to determine, among other things:  (a) whether the Settlement should be approved as fair, reasonable, and adequate;  (b) whether the Actions should be dismissed with prejudice pursuant to the terms of the Settlement;  (c) whether Settlement Class members should be bound by the Releases set forth in the Settlement;  (d) whether Settlement Class members should be subject to a permanent injunction which,

among other things, bars Settlement Class Members who have not opted out from filing, commencing, prosecuting, intervening in, participating in (as class members or otherwise), organizing, or soliciting the participation of other Settlement Class members to pursue any action in any jurisdiction based on or relating to any of the Released Claims (as defined in the Agreement) or the facts and circumstances relating thereto against any Released Party; and (e) whether the application of Class Counsel for an award of attorneys' fees and expenses, and the proposed service awards to the *Weller* Plaintiffs, should be approved. Class Counsel shall file their application for an award of attorneys' fees and expenses and for service awards to the *Weller* plaintiffs no later than **thirty (30) days** before the Objection Deadline;

    9. (a) Any Settlement Class member who wishes to opt out of the Settlement must send a written Opt-Out Request to the Settlement Administrator, postage prepaid, to the address provided in the Mailed Notice and Settlement Website. Any such Opt-Out Request must be postmarked no later than **thirty (30) days** before the date of the Final Approval Hearing;

    (b) To be valid, the Opt-Out Request must: (i) identify the case name; (ii) identify the name and address of the person in the Settlement Class who is opting out; (iii) be personally signed by the person in the Settlement Class who is opting out; and (iv) contain a statement that indicates a desire to be excluded from the Settlement Class, such as "I hereby request that I be excluded from the proposed Settlement Class in the Weller Action." The Opt- Out Request must be signed by all account holders on the applicable mortgage account to be valid. Mass or class opt outs shall not be allowed;

    (c) A Settlement Class member who desires to opt out must take timely affirmative written action pursuant to this Order and the Agreement, even if the Settlement Class member desiring to opt out of the Settlement Class files or has filed a separate action

against any of the Released Parties (as defined in the Agreement) or is, or becomes, a putative class member in any other class action filed against any of the Released Parties;

(d)  Persons in the Settlement Class who do not timely and properly submit an Opt-Out Request in compliance with this Order and the Agreement will be deemed to be Settlement Class members for all purposes under the Agreement, and upon the Effective Date (as defined in the Agreement), will be bound by the Settlement terms, including, but not limited to, the Releases in Section 9 of the Agreement;

(e)  If the Settlement is finally approved, any person in the Settlement Class who has not submitted a timely written Opt-Out Request shall be bound by all proceedings, orders and judgments in the *Weller* Action, even if he or she has pending, or subsequently initiates, litigation against any Released Party relating to any of the Released Claims;

10. (a) Any person in the Settlement Class who has not filed a timely written Opt-Out Request and who complies with the requirements of this Section may object to any aspect of the proposed Settlement either on his or her own or through an attorney hired at his or her expense.  Any person in the Settlement Class who wishes to object to the Settlement must do so in writing and must file with the clerk of the court and serve on Class Counsel and Defendants' Counsel, at the addresses listed below, a written statement of objection in accordance with the requirements set forth below and in the Agreement no later than **thirty (30) days** before the Final Approval Hearing [the "Objection Deadline"]:

**For Plaintiff And Settlement Class**

Peter A. Muhic
Kessler Topaz Meltzer & Check, LLP
280 King of Prussia Road
Radnor, PA 19087

-and-

Shanon J. Carson

        Berger & Montague, P.C.
        1622 Locust Street
        Philadelphia, PA 19103

        **For HSBC Defendants**

        Julia B. Strickland, Esq.
        Stroock & Stroock & Lavan LLP
        2029 Century Park East, 16th Floor
        Los Angeles, CA 90067-3086

        **For Assurant Defendants**

        Frank G. Burt, Esq.
        Carlton Fields Jorden Burt
        1025 Thomas Jefferson Street, NW
        Suite 400 East
        Washington DC 20007-5208

    (b) The requirements to assert a valid written objection shall be set forth in the Mailed Notice and on the Settlement Website. To be valid, the written objection must include: (i) the case name and number; (ii) a statement that the person is a Settlement Class member; (iii) the name, address and telephone number of the Settlement Class member objecting and, if represented by counsel, of his/her counsel; (iv) the basis for the objection; and (v) a statement of whether he/she intends to appear at the Final Approval Hearing, either with or without counsel;

    (c) Any Settlement Class member who does not object to the Settlement in the manner described in the Class Notice and consistent with this Order shall be deemed to have waived any such objection, shall not be permitted to object to any terms or approval of the Settlement at the Final Approval Hearing and shall be foreclosed from seeking any review of the Settlement or the terms of the Agreement by appeal or other means;

    (d) Subject to approval of the court, any Settlement Class member who files and serves a written objection in accordance with this Order may appear, in person or by

counsel, at the Final Approval Hearing held by the court, to show cause why the proposed Settlement should not be approved as fair, adequate and reasonable, but only if the objecting Settlement Class member: (i) files with the clerk of the court a notice of intention to appear at the Final Approval Hearing by the Objection Deadline ("Notice Of Intention To Appear"); and (ii) serves the Notice of Intention to Appear on all counsel designated in the Class Notice by the Objection Deadline.  Any attorney who intends to represent an objecting Settlement Class member at the Final Approval Hearing must do so at the Settlement Class member's expense and must file a notice of appearance at least two weeks before the Final Approval Hearing.  Any Settlement Class member who does not file a Notice of Intention to Appear in compliance with this Order will not be entitled to appear at the Final Approval Hearing to raise any objections;

11. If the Settlement is finally approved, all Settlement Class Members who have not filed a timely and proper Opt-Out Request shall be deemed to release the Released Parties from all Released Claims, as described in Section 9 of the Agreement;

12. All proceedings in the *Weller* Action are stayed, except as necessary to effectuate the terms of the Settlement.  All Settlement Class members who do not timely opt out from the Settlement Class are enjoined from directly or indirectly: (a) commencing or prosecuting against the Released Parties any action or proceeding in any court or tribunal asserting any of the Released Claims; or (b) organizing any Settlement Class members into a separate class for purposes of pursuing as a purported class action any action or proceeding in any court or tribunal, including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action based on or relating to the claims and causes of action, or the facts and circumstances relating thereto, in the *Weller* Action and/or the Released Claims.  This injunction is necessary to protect and effectuate the Agreement, and the Settlement contemplated

thereby, this Order, and the court's flexibility and authority to effectuate the Settlement Agreement and to enter Judgment when appropriate, and is ordered in aid of this court's jurisdiction and to protect its judgments;

13. Class Counsel and Defendants' Counsel shall serve on each other and on all other parties who have filed notices of appearance, at or before the Final Approval Hearing, any further documents in support of the Settlement, including responses to any papers filed by Settlement Class members. Class Counsel and Defendants' Counsel shall promptly furnish to each other any and all objections or Opt-Out Requests that may come into their possession and shall file such objections or Opt-Out Requests with the court on or before the date of the Final Approval Hearing, unless such documents already appear on the *Weller* Action's PACER docket;

14. This Order shall become null and void, and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before this court entered this Order, if: (a) the proposed Settlement is not finally approved by the court, or the Effective Date does not otherwise occur; or (b) the Agreement is terminated pursuant to its terms or for any other reason. In such event, and except as provided therein, the Agreement shall become null and void and be of no further force and effect; the terms and provisions of the Agreement will have no further force and effect with respect to the Parties and will not be used in the *Weller* Action, or in any other proceeding for any purpose; all communications and documents related to the Settlement will be subject to Federal Rule of Evidence 408 and all other applicable settlement, negotiation, and mediation privileges; the Final Approval Order or other judgment or order entered by the court in accordance with the terms of this Agreement will be treated as vacated, *nunc pro tunc*; the preliminary certification of the Settlement Class for settlement purposes shall be automatically vacated; neither the Agreement nor the court's orders,

including, without limitation, this Order, shall be used or referred to for any purpose whatsoever; and the Parties shall retain, without prejudice, any and all objections, arguments, and defenses with respect to class certification; and

15. This Order shall be of no force and effect if the Settlement does not become final and shall not be construed or used as an admission, concession, or declaration by or against any Released Party of any fault, wrongdoing, breach, or liability, or by or against Plaintiff or any Settlement Class members that their claims lack merit or that the relief requested in this Action is inappropriate, improper or unavailable, or as a waiver by any party of any defenses they may have.

Dated April 20, 2015, at Denver, Colorado.

**BY THE COURT:**

*Bob Blackburn*

Robert E. Blackburn
United States District Judge