**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 13-cv-00185-REB-MJW

JACK WELLER,
GLADYS WOODEN,
MATT WOODEN,
JAMES HOOVER,
KIMBERLY HOOVER and
DAVID MINCEL, individually and on behalf of all others similarly situated,

      Plaintiffs,

v.

HSBC FINANCE CORPORATION,
HSBC MORTGAGE SERVICES, INC.,
HSBC BANK USA, N.A.,
HSBC MORTGAGE CORPORATION (USA),
HSBC CONSUMER LENDING (USA) INC.,
BENEFICIAL COMPANY LLC,
BENEFICIAL FINANCIAL I INC.,
HFC COMPANY LLC,
ASSURANT, INC.,
AMERICAN SECURITY INSURANCE COMPANY,
STANDARD GUARANTY INSURANCE COMPANY,
VOYAGER INDEMNITY INSURANCE COMPANY, and
JOHN DOES 1-10,

      Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR FINAL APPROVAL
OF CLASS ACTION  SETTLEMENT, CERTIFICATION OF SETTLEMENT
CLASS, AND APPROVAL OF PLAN OF ALLOCATION**

---

**Blackburn, J.**

The matter before me is **Plaintiffs' Unopposed Motion for Final Approval of

Class Action Settlement, Certification of Settlement Class, Approval of Plan of**

**Allocation and Memorandum in Support Thereof** [#163],[1] filed August 17, 2015.  On

April 20, 2015 [#155], the court granted preliminary approval to the proposed class

action settlement set forth in the Stipulation and Settlement Agreement (the

"Settlement" or the "Agreement") between Gladys Wooden, Matt Wooden, James

Hoover, Kimberly Hoover, and David Mincel (collectively "plaintiffs"), on behalf of

themselves and the Settlement Class, and HSBC Bank USA, N.A., HSBC Mortgage

Corporation (USA), Inc., HSBC Finance Corporation, Beneficial Company LLC,

Beneficial Financial I Inc., HFC Company LLC, HSBC Consumer Lending (USA) Inc.,

and HSBC Mortgage Services Inc. (the "HSBC defendants") and Assurant, Inc.,

American Security Insurance Company, Standard Guaranty Insurance Company and

Voyager Indemnity Insurance Company (the "Assurant defendants," and, together with

the HSBC defendants, "defendants").  That same order also provisionally certified the

Settlement Class for settlement purposes, set forth the procedure for giving Class

Notice to the members of the Settlement Class, and set a Final Approval Hearing.

A duly noticed Final Approval Hearing was held October 16, 2015, to consider

whether the terms and conditions of the Agreement are fair, reasonable and adequate

and thus whether judgment should enter dismissing this action on the merits and with

prejudice in favor of defendants and against all persons or entities who are Settlement

Class members herein who have not opted out of the Settlement Class.  Having heard

and considered the arguments advanced and authorities cited both at the final hearing

---

[1]  "[#163]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF).  I use this convention throughout this order.

2

and in the parties written submissions, I find and conclude that the motion is well-taken and should be granted.

**THEREFORE, IT IS HEREBY ORDERED** as follows:

1.   That **Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement, Certification of Settlement Class, Approval of Plan of Allocation and Memorandum in Support Thereof** [#163], filed August 17, 2015, is granted;

2.   That judgment with prejudice shall enter in favor of defendants and against plaintiffs and all Settlement Class members on the terms set forth herein;

3.   That adequate Class Notice was given to the Settlement Class in compliance with the Agreement and the Preliminary Approval Order;

4.   That the court has personal jurisdiction over the Parties and the Settlement Class members.  Venue is proper in this district.  The court has subject matter jurisdiction to approve the Agreement, including all Exhibits thereto, to enter this Final Approval Order and direct entry of judgment.  Without in any way affecting the finality of this Order, this court hereby retains jurisdiction as to all matters relating to administration, consummation, enforcement, and interpretation of the Agreement and of this Order and for any other necessary purpose, including, but not limited to, enforcement of the Releases contained in the Agreement and entry of such further orders as may be necessary or appropriate in administering and implementing the terms and provisions of the Settlement;

5.   That the Settlement was negotiated at arm's length by experienced counsel who were fully informed of the facts and circumstances of this action and of the

strengths and weaknesses of their respective positions.  The Settlement was reached

after the parties had engaged in mediation and extensive negotiations.  Counsel for the

parties were therefore well positioned to evaluate the benefits of the Settlement, taking

into account the expense, risk and uncertainty of protracted litigation with respect to

numerous difficult questions of fact and law;

6.   That the prerequisites for a class action under Fed. R. Civ. P. 23(a) and Fed.

R. Civ. P. 23(b) have been satisfied for settlement purposes for each Settlement Class

member in that: (a) the number of Settlement Class members is so numerous that

joinder of all members thereof is impracticable; (b) there are questions of law and fact

common to the Settlement Class; (c) the claims of plaintiffs are typical of the claims of

the Settlement Class they seek to represent; (d) plaintiffs have and will continue to fairly

and adequately represent the interests of the Settlement Class for purposes of the

Settlement; (e) the questions of law and fact common to the Settlement Class members

predominate over any questions affecting any individual Settlement Class member; (f)

the Settlement Class is ascertainable; and (g) a class action is superior to the other

available methods for the fair and efficient adjudication of the controversy;

7.   That pursuant to Fed. R. Civ. P. 23, a Settlement Class is finally approved

and certified which shall consist of all borrowers in the United States who, between

January 1, 2007, and April 20, 2015 (the "Class Period"), were charged by the HSBC

defendants and/or their respective subsidiaries and affiliates as insureds or additional

insureds for a lender-placed flood insurance policy.  The following are excluded from the

Settlement Class: (a) individuals who are or were during the Class Period officers or

directors of defendants or any of their respective subsidiaries or affiliates; (b) any

4

justice, judge or magistrate judge of the United States or any State, or their spouses; (c) borrowers whose LPFI Policy was cancelled in its entirety such that any premiums charged and/or collected were fully refunded or credited to the borrower or the borrower's escrow account; and (d) all persons in the Settlement Class who submitted a timely and proper Opt-Out Request;

8. That the law firms of Kessler Topaz Meltzer & Check, LLP, and Berger & Montague, P.C., are designated as Class Counsel for the Settlement Class;

9. That plaintiffs Gladys and Matt Wooden, James and Kimberly Hoover, and David Mincel are designated as the Settlement Class representatives;

10. That the Publication Notice, the Mailed Notice, the Settlement Website and the creation of the interactive voice recording ("IVR") toll-free telephone number system, all as provided for in the Agreement and the Preliminary Approval Order: (a) constituted the best practicable notice under the circumstances to persons in the Settlement Class; (b) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class members of Settlement, their right to object or to exclude themselves from the Settlement, and their right to appear at the Final Approval Hearing; (c) were reasonable and constituted due, adequate and sufficient notice to all persons entitled to be provided with notice; and (d) complied fully with the requirements of Fed. R. Civ. P. 23, the United States Constitution, the Local Rules of this district court, and any other applicable law;

11. That the Settlement is finally approved as fair, reasonable, and adequate pursuant to Fed. R. Civ. P. 23(e). The terms and provisions of the Agreement, including all Exhibits thereto, have been entered into in good faith and are hereby fully and finally

approved as fair, reasonable, adequate as to, and in the best interests of, the Settlement Class members;

12.  That the parties are hereby directed to implement and consummate the Settlement according to its terms and provisions, as modified by the Orders of this court;

13.  That the terms of the Agreement, including all Exhibits thereto, and of this Order, shall be forever binding on, and shall have res judicata and preclusive effect in, all pending and future lawsuits maintained by plaintiffs and each Settlement Class member, as well as their respective heirs, beneficiaries, administrators, successors, and assigns;

14.  That the Releases, which are set forth in section 9 of the Agreement and which are also set forth below, are expressly incorporated herein in all respects and are effective as of the date of this Order.  The Released Parties (as that term is defined below and in the Agreement) are forever released, relinquished, and discharged by the Releasing Parties (as that term is defined below and in the Agreement) from all Released Claims (as that term is defined below and in the Agreement);

(a)  Release and Waiver Definitions.

(i) "Affiliate" of an entity means any person or entity which controls, is controlled by, or is under common control with such entity;

(ii) "Assurant defendants" means Assurant, Inc., American Security Insurance Company, Standard Guaranty Insurance Company and Voyager Indemnity Insurance Company;

(iii) "HSBC defendants" means HSBC Bank USA, N.A., HSBC Mortgage Corporation (USA), Inc., HSBC Finance Corporation, Beneficial Company LLC, Beneficial Financial I Inc., HFC Company LLC, HSBC Consumer Lending (USA) Inc. and HSBC Mortgage Services Inc;

(iv) "Defendants" mean all named defendants in the *Weller* Action;

(v) "Effective Date" means fifteen (15) days following the last of the following dates: (a) the entry of this Order; and (b) the final disposition of any related appeals, and in the case of no appeal or review being filed, expiration of the applicable appellate period;

(vi) "Lender-Placed Flood Insurance" and "LPFI" mean flood insurance placed pursuant to a mortgage loan agreement, home equity loan agreement or home equity line of credit serviced by the HSBC defendants and/or their respective subsidiaries and affiliates to maintain flood insurance coverage on the residential property securing the loan when the borrower has failed to do so;

(vii) "LPFI Policy" means a Lender-Placed Flood Insurance policy;

(viii) "Release" or "Releases" means all of the releases contained in Section 9 of the Agreement;

(ix) "Released Claims" means all claims to be released as specified in Section 9 of the Agreement;

(x) "Released Parties" means HSBC defendants and each of their present and former parents, subsidiaries, divisions, Affiliates, predecessors, successors and assigns, and the present and former

7

directors, officers, employees, agents, insurers, shareholders, attorneys, advisors, consultants, representatives, partners, joint venturers, independent contractors, wholesalers, resellers, distributors, retailers, predecessors, successors and assigns of each of them, and the Assurant defendants and each of their present and former parents, subsidiaries, divisions, affiliates, predecessors, successors and assigns, and the present and former directors, officers, employees, agents, insurers, shareholders, attorneys, advisors, consultants, representatives, partners, joint venturers, independent contractors, wholesalers, resellers, distributors, retailers, predecessors, successors and assigns of each of them and all of those persons and entities otherwise released by section 9 of the Agreement;

(xi) "Releasing Parties" means the Plaintiffs and all Settlement Class members, and each of their respective heirs, beneficiaries, administrators, successors, and assigns;

(b) <u>Released Claims of Plaintiffs and Settlement Class Members</u>.  As of the Effective Date, all plaintiffs and each Settlement Class member shall, by operation of this Order, be deemed to have fully, conclusively, irrevocably, forever and finally released, relinquished and discharged the Released Parties from any and all claims, actions, causes of action, suits, debts, sums of money, payments, obligations, promises, damages, penalties, attorneys' fees and costs, liens, judgments and demands of any kind whatsoever that each Settlement Class member may have on or before the Effective Date or may have had in the past, whether in arbitration,

8

administrative or judicial proceedings, whether as individual claims or as claims asserted on a class basis, whether past or present, mature or not yet mature, known or unknown, suspected or unsuspected, whether based on federal, state or local law, statute, ordinance, regulations, contract, common law or any other source, that relate, concern, arise from, or pertain in any way to the claims and allegations set forth, or which based upon the claims or allegations that could have been set forth, in the *Weller* and/or *Hoover* Actions involving any Released Party's conduct, policies or practices concerning LPFI Policies placed or charged by any of the Released Parties during the Class Period.  The Release includes, but is not limited to:  all claims related to any Released Party's placement of and charges for or related to LPFI Policies during the Class Period; any reinsurance agreements involving any Released Party concerning LPFI Policies; the relationship, whether contractual or otherwise, between the HSBC defendants and/or their respective subsidiaries and Affiliates and the Assurant defendants and/or their respective subsidiaries and Affiliates regarding LPFI, including, but not limited to, the procuring, underwriting, placement, administering, tracking or costs of LPFI Policies; the amount, duration and alleged excessiveness of any LPFI Policies placed or charged by any Released Party; the payment or receipt of commissions, expense reimbursements, alleged "kickbacks," or any other compensation under any LPFI Policies placed or charged by any Released Party; any alleged "tying" arrangement involving any Released Party and LPFI; any alleged breach of fiduciary duty by any Released Party concerning LPFI Policies; any alleged tortious interference by any Released Party with mortgage contracts serviced by any other

Released Party regarding LPFI; the disclosure or non-disclosure of any payment, expenses, fees, charges or feature pertaining to or under any LPFI Policies placed or charged by any Released Party; the receipt or non-disclosure of any benefit under any LPFI Policies placed or charged by any Released Party; the content, manner or accuracy of any communications regarding the placement of any LPFI Policy by any Released Party; and to the regulatory approval or non-approval of any LPFI Policy, or the premium thereon, placed or charged by any Released Party.  Nothing in this Agreement shall effect in any way a claim for coverage under any insurance policy, including any LPFI policy;

(i) The Release above shall not cover claims arising after the Effective Date, or claims for benefits made under any LPFI Policy placed or charged by any of the Released Parties.  Nothing herein shall be deemed a release of any plaintiff or Settlement Class member's respective rights and obligations under this Order;

(ii) Except to the extent that any such obligation is released as a Released Claim above, this Order shall not release Defendants from any existing obligation to plaintiffs or to any Settlement Class member under any loan, note, mortgage or deed of trust.  This provision is not meant to and does not limit the Release in Paragraph 14(b) above;

(iii) Nothing in this Order shall operate or be construed to release any claims or rights the Released Parties have to recover any past, present or future amounts that may be owed by plaintiffs or by any Settlement Class member on his/her accounts, loans or any other debts with any Released Party, pursuant to the terms and conditions of such

accounts, loans or any other debts;

(c) Without in any way limiting their scope, these Releases cover by example and without limitation, any and all claims for attorneys' fees, costs, expert fees or consultant fees, interest, or litigation fees, or any other fees, costs and/or disbursements incurred by Class Counsel, plaintiffs, or any Settlement Class members in connection with or related in any manner to the *Weller* Action, this Settlement or the administration of this Settlement and/or the Released Claims, except to the extent otherwise specified in this Order;

(d) In connection with the foregoing Releases, plaintiffs and each Settlement Class member shall be deemed, as of the entry of this Order, to have waived any and all provisions, rights, and/or benefits conferred by Section 1542 of the California Civil Code, and any statute, rule and legal doctrine similar, comparable, or equivalent to California Civil Code Section 1542, which provides that:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Notwithstanding that the parties have chosen Colorado law to govern this Agreement, plaintiffs have agreed and each Settlement Class Member is deemed to have agreed that the provisions of all such principles of law or similar federal or state laws, rights, rules, or legal principles, to the extent they are found to be applicable herein, are hereby knowingly and voluntarily waived, relinquished and released;

(e) Plaintiffs and/or any Settlement Class member may hereafter discover facts other than or different from those that he/she knows or believes to be true with respect to the subject matter of the Released Claims or the law applicable to such

claims may change.  Nonetheless, plaintiffs and each Settlement Class Member shall be deemed to have agreed that, as of the Effective Date, he/she/they shall have irrevocably waived and fully, finally and forever settled and released any known or unknown, suspected or unsuspected, asserted or unasserted, liquidated or unliquidated, contingent or non-contingent claims with respect to all of the matters described in or subsumed by the Releases.  Further, plaintiffs and each Settlement Class member agree and acknowledge that he/she/they shall be bound by this Agreement, including by the Releases, and that all of their claims in the *Weller* Action shall be dismissed with prejudice and released, without regard to subsequent discovery of different or additional facts and subsequent changes in the law, and even if they never received actual notice of the Settlement or never received a Settlement Payment;

(f) Plaintiffs and each Settlement Class member shall be deemed to agree and acknowledge that the foregoing Releases were bargained for and are a material element of the Agreement;

(g) The Releases do not affect the rights of persons in the Settlement Class who timely and properly submitted an Opt-Out Request;

(h) The Agreement shall be the exclusive remedy for any and all Settlement Class members;

(i) The Releases shall not preclude any action to enforce the terms of the Agreement, including participation in any of the processes detailed therein;

15.  That no Released Party shall be subject to liability or expense for any of the Released Claims to any Settlement Class member;

16.  That all Settlement Class members are, from this day forward, hereby permanently barred and enjoined from filing, commencing, prosecuting, intervening in or

participating in (as class members or otherwise) any action in any jurisdiction based on or relating to any of the Released Claims or any facts and circumstances relating thereto.  All Settlement Class members are permanently barred and precluded from organizing Settlement Class members, or soliciting the participation of Settlement Class members, for purposes of pursuing any action (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action in any jurisdiction) based on or relating to any of the Released Claims or any facts and circumstances relating thereto;

17.  That promptly after the Effective Date, Settlement Class members shall dismiss with prejudice all claims, actions, or proceedings that have been brought by any Settlement Class member in any other jurisdiction and that have been released pursuant to the Settlement and this Order;

18.  That neither the Agreement, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein, nor this Order, nor any of its terms and provisions shall be:

(a) offered by any person or received against any of the Released Parties as evidence or construed as or deemed to be evidence of any presumption, concession, or admission by defendants of the truth of the facts alleged by any person or the validity of any claim that has been or could have been asserted in the *Weller* Action or in any litigation, or other judicial or administrative proceeding, or the deficiency of any defense that has been or could have been asserted in the *Weller* Action or in any litigation, or of any liability, negligence, fault or wrongdoing of defendants;

13

(b) offered by any person or received against any of the Released Parties as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any of the Released Parties or any other wrongdoing by any of the Released Parties;

(c) offered by any person or received against any of the Released Parties as evidence of a presumption, concession, or admission with respect to any liability, negligence, fault, or wrongdoing in any civil, criminal, or administrative action or proceeding;

(d) offered or received in evidence in any action or proceeding against any party hereto in any court, administrative agency, or other tribunal for any purpose whatsoever, other than to enforce or otherwise effectuate the Agreement (or any agreement or order relating thereto), including the Releases, or the Final Approval Order and Judgment;

19. That this Order and the Agreement (including the Exhibits thereto) may be filed in any action against or by any Released Party in order to support any defense or counterclaim, including, without limitation, those based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion, issue preclusion, or similar defense or counterclaim;

20. That without further order of the court, the parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Agreement, as modified by the Preliminary Approval Order;

21. That in the event the Effective Date does not occur, this Order shall automatically be rendered null and void and shall be vacated and, in such event, all

orders entered and releases delivered in connection herewith shall be null and void; and

     22.  That judgment shall enter on the terms set forth herein, and that this action, including all individual claims and class claims presented herein, is hereby dismissed on the merits and with prejudice against plaintiffs and all other Settlement Class Members, without fees or costs to any party except as otherwise provided herein.

     Dated October 19, 2015, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge